### WALLER *v.* J. H. LEWIS & Co.

#### Opinion delivered May 13, 1918.

SPECIFIC PERFORMANCES—FRAUD OF PLAINTIFF.—Where a purchaser of land, fraudulently conspiring with his father, took cotton that had been mortgaged to the vendor by the father and out of the proceeds paid one of his purchase-money notes, and offered to pay his other notes, he was not entitled to specific performance of his contract of purchase.

Appeal from Columbia Chancery Court; *James M. Barker,* Chancellor; affirmed.

*McKay & Smith,* of Magnolia, for appellant.

*J. E. Hawkins,* of Magnolia, and *Neil C. Marsh,* of El Dorado, for appellee.

WOOD, J. This action was brought by the appellant against the appellees. The appellant alleged in substance that the appellees, a firm of merchants, executed to him a bond for title to the lands in controversy; that he executed to appellees in consideration of purchase price three promissory notes in the sum of $100 each, payable on or before November 1st each year for three years after January 7, 1916; that he had paid the first note and had offered to pay both of the other notes; that the appellees had refused to accept the same and were threatening to take possession of the land from appellant and were annoying his possession by attempting to exercise rights of ownership over the land. He prayed for specific performance and that appellees be restrained

from interfering with the plaintiff in exercising his ownership over the land.

Appellees answered admitting that they had executed the bond for title and that appellant had paid the first note of $100 and that appellee had surrendered the same to him, but set forth that the payment of this note was made and the surrender thereof procured through a conspiracy between appellant and his father Edmon Waller, to defraud appellees. The answer specifically set forth the facts which appellees alleged constituted the conspiracy. They made their answer a cross-complaint and asked judgment.

The allegations of the cross-complaint were specifically denied by the appellant.

On the issues thus joined the trial court heard the testimony and made the following findings of fact:

"That on the 17th day of January, 1916, at the instance and request of Edmon Waller, the defendants, J. H. Lewis & Co. made, executed and delivered unto Arthur Waller, plaintiff herein, a bond for title to the land (land described), conditioned that if the said Arthur Waller should pay his three several promissory notes of one hundred dollars each of even date therewith and due respectively, November 1, 1916, November 1, 1917, and November 1, 1919, with ten per cent. interest thereon, and all taxes legally assessed against said land, then the said J. H. Lewis & Co. should make, execute and deliver unto the said Arthur Waller a warranty deed to said lands. That said Edmon Waller, in procuring the said bond for title was acting as the agent of the said Arthur Waller. That Edmon Waller at the time had and held a similar bond for title to the above described land with 120 acres of other land adjoining thereto and this forty acres was a part of the 160 acres included in the bond for title previously executed to Edmon Waller, the father of Arthur Waller, and upon which Edmon Waller had made no payment.

"That as inducement to procure the execution of the said bond for title the said Edmon Waller as agent of

Arthur Waller, agreed that he and Arthur Waller would work the entire tract of land and pay off their accounts in full and if any balance remained on their accounts the same should be applied to the payment of the notes above referred to executed by Arthur Waller as purchase price of the land above described.

"That Arthur and Edmon Waller planted 24¼ acres in cotton on land adjoining this above described tract and 10½ acres on the above described tract and worked all of said land together. That Edmon Waller, to secure his account with J. H. Lewis & Co. made, executed and delivered to J. H. Lewis & Co. a certain deed of trust conveying all the cotton and corn he should raise or cause to be raised in the year 1916. That all of said land so planted, amounting to 34¾ acres in cotton, made eight bales of cotton and that said Edmon Waller was at the time heavily indebted to J. H. Lewis & Co. far in excess of the value of the entire cotton crop. That in order to cheat and defraud the said J. H. Lewis & Co. out of the value of cotton they had a mortgage on belonging to Edmon Waller the said Edmon Waller and Arthur Waller conspired together to allow Arthur Waller to use cotton that Edmon Waller had produced and which was mortgaged to defendants herein as if it were his own and permitted said Arthur Waller to haul to the gin four bales of cotton and sell the same as his own, leaving to Edmon Waller to apply on his mortgage debt only four bales of cotton. That in pursuance of the common scheme of the said Edmon Waller and Arthur Waller the said Arthur Waller took sufficient cotton that had been mortgaged by Edmon Waller to defendants and raised on Edmon Waller's place to make out four bales of cotton and sold the same, and out of the proceeds the said Arthur Waller paid off his accounts and induced the defendants to surrender the first note above described given for the purchase price of said land and that same was procured from defendants by such fraudulent scheme.

"That Arthur Waller did not raise four bales of cotton on the land in question and was not entitled to same

and did not raise more than sufficient cotton to pay off his accounts to defendants.

"That Edmon Waller is insolvent and after applying all the crop of said Edmon Waller, after such scheme was carried out and consummated by him and Arthur Waller, there remained due the said defendants the sum of $541.70 which had not been paid and a part of which would have been collected under said mortgage but for the fraudulent scheme above set out."

It would serve no useful purpose to set out in detail and to discuss the testimony which the trial court considered in making the above findings of fact. After carefully considering all the testimony in the record bearing upon the issue as to the conspiracy to defraud, we are convinced that the findings of the chancellor are correct, and we adopt the same as the findings of this court. The chancery court entered a decree dismissing the appellant's complaint for want of equity. This decree is correct and is, therefore, affirmed.